The Chief Justice
delivered the opinion of the court,
Alkire sold to Stip the tract of land on which he lived, in Bourbon county, consisting of about 186 acres, at the price of $9 50 per acre; and, for the title of 100 acres, gave to Step a bond which he held upon Charles Smith, sen. and George Smith; and for the title of the residue, being about 86 acres, he procured Nathan and Charles Smith, jr. to execute their bond to Step, with a stipulation to refund, in case any part of the 86 acres should be lost by an adverse claim, $5 50 cents per acre; and Alkire gave to Step his obligation to refund, in that event, four dollars per acre, with interest from the first of March, 1815, being the balance of the purchase money to be paid by Step. On his part Step paid, shortly after the contract was entered into, $1000, and for the residue of the price. gave to Alkire four notes of equal amount, payable successively the first of March in the years 1812, 1813, 1814, *258 and 1815; and Alkire being indebted to Nathan aud Charles Smith, jr. in the sum of $277 50 cents, being a part of the price of that part of the land he had purchased of them, Step as security to Alkire jointly with him executed a note to said Smiths for that sum, payable the first of February, 1812, with interest from the first of February, 1811; and shortly after these transactions, Alkire removed from this state to the state of Ohio.
On the three first mentioned notes given by Step to Alkire, the latter brought suit and recovered judgments: to stay proceedings upon which, and to prevent suit from being brought on the fourth, Step filed his bill, with injunction, alledging, as grounds of relief—1st, That he was entitled to certain credits for money, &c. advanced for Alkire. 2dly, That as Alkire owed to Nathan and Charles Smith, jr. $277 50 cents, a part of the price he had agreed to give them for the 86 acres, they would have a right to retain the title until the money was paid; and as Step was bound therefor, as security to Alkire, he would be obliged to make payment thereof before he could procure a conveyance. And 3dly, That before, and at the time of making the contract, Alkire represented to Step that there was no adverse claim interfering with the land, which was the subject of the contract, when, in fact, he well knew, not only that there was an interfering claim, but that a suit had been brought, and was then depending, to enforce it; and that by a decree since pronounced by the court of appeals, the interfering claim has been sustained, whereby the whole of the 86 acres, and a part of the 100 acres, has been taken.
Step makes George and Charles Smith, sen, and Nathan and Charles Smith, jr. and Alkire, defendants to the bill, and prays that the contract may be rescinded, so far as the land may be taken by the adverse claim, and that the Smiths and Alkire may refund to him the money he has paid therefor; and that the title of so much of the land as may not be taken by the adverse claim may be conveyed to him. But if it shall be found that the Smiths will be able to make him a title to the whole land, that Alkire shall be decreed to allow him a credit for the money, &c. advanced by him for Alkire, and that so much of the judgments against him as will be sufficient to discharge the note due to Nathan and Charles Smith, may be enjoined and appropriated to their use, and that the Smiths may be *259 compelled to convey to him; and for such other and further relief as to equity belongs.
A contract for the purchase of lands cannot be dissolved in part and affirmed in part; but if part of the land is lost, vendee may coerce a title for the part saved, & compensation for the part lost.
Alkire answered, and admitted the contract in substance, as herein before stated; professed his willingness to allow some of the credits claimed by Step, but not others; admitted giving the note to N. and Charles Smith for $277 50 cents, but insisted that they had no right to withhold the title until that debt was paid; and denied any fraud or misrepresentation on his part in making the contract.
The cause was heard as to Alkire, and the circuit court decreed that Step should be allowed a credit for $344, the amount which Alkire had bound himself to refund in case the 86 acres should be lost; and $44 63 cents, being a balance due Step for money advanced by him for Alkire, together with so much of the costs of this suit as Alkire was responsible for, and dissolved the injunction as to the residue of the judgments at law, with damages. But before Alkire was permitted to take out execution, he was required to procure the note executed by him, with Step as his security, to Nathan and Charles Smith, to be surrendered up to be cancelled, or to give bond, with John Donalson his security, to indemnify Step against said note.
As to the other defendants, the cause was continued without answers having been filed by them, or the bill having been taken for confessed against them. And Step has brought the case to this court by writ of error.
As the whole of the 86 acres, and a small part of the 100 acres, appear to have been taken by an adverse claim, Step is undoubtedly entitled to relief, and the only question is as to the nature and extent of that relief.
There is some evidence conducing to establish fraud on the part of Alkire in procuring the contract, but it does not seem to be the object of Step to vacate the entire contract on that ground; and the contract cannot be rescinded in part, and affirmed as to part. He has, however, a right to insist upon a conveyance of that part of the land which is safe, and to be remunerated according to the terms of the contract for the part of the land that has been lost; and, in substance, this is the relief which he has in the first instance specifically prayed for in his bill. Upon this principle the circuit court was, without doubt, correct in giving the credits which they decreed to Step, as far as they were allowed; but, we apprehend that court, instead of decreeing an indemnity to Step against the note executed by *260 Alkire and him as security to Nathan and Charles Smith, ought to have allowed to Step a credit for the amount of the note on the judgments obtained by Alkire against him, and at the same time to have made it an extinguishment of so much of Step’s demand against the Smiths for the land lost by the adverse claim. For, by so decreeing, as the Smiths were indebted to Step, and Alkire to them, circuity of action would thereby have been prevented, and this would have been peculiarly proper in this case as both demands related to the same subject, and grew out of the same transaction. It is true, that to have enabled the court to make such a decree, the Smiths should have been before the court; but this only proves that the cause was improperly heard as to Alkire only, without having it in a state to be finally disposed of as the other defendants.
Where there are mutual demands between parties to a suit, growing out of the same transaction, the chancellor (to prevent circuity of action) should so modify his decree as to adjust the whole matter between them.
Haggin for plaintiff, Wickliffe for defendant in error.
The decree of the circuit court must be reversed with costs, and the cause be remanded for proceedings to be had not inconsistent with this opinion.